■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v DALE BURRELL, Respondent, STATE FARM MUTUAL AUTOMOBILE INS. Co., Appellant, et al., Respondent. [783 NYS2d 379]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for underinsured motorist benefits, State Farm Mutual Automobile Ins. Co. appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated October 1, 2003, which, in effect, granted the petition without a hearing and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with one bill of costs, and the matter is remitted to the Supreme Court, Queens County, for a new determination after an evidentiary hearing on the issue of whether State Farm Mutual Automobile Ins. Co. validly disclaimed underinsured motorist coverage.

The petitioner, Government Employees Insurance Company (hereinafter GEICO), commenced this proceeding, inter alia, to permanently stay arbitration of its insured's claim for underinsured motorist benefits. According to GEICO, at the time of the accident, the vehicle operated by its insured was insured by State Farm Mutual Automobile Ins. Co. (hereinafter State Farm) under a policy of insurance which provided underinsured motorist benefits. GEICO claimed that its insured had to first proceed against State Farm. State Farm opposed the petition, claiming that it disclaimed coverage, among other things, because the notice of the underinsured motorist claim was "improper and untimely." The Supreme Court, in effect, granted the petition, without a hearing, upon finding that State Farm's disclaimer was invalid.

Under the facts of this case, an evidentiary hearing on the issue of whether State Farm validly disclaimed underinsured

motorist coverage is necessary. Thus, we reverse the order and remit the matter to the Supreme Court, Queens County, for a new determination after such a hearing. Florio, J.P., Luciano, Schmidt and Rivera, JJ., concur.